UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 2:20 CR 138 |
| | ) | |
| DARRYL IVERY, JR. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Comes now the United States of America, by its counsel, Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through Nicholas J. Padilla, Assistant United States Attorney, and files the below sentencing memorandum addressing the Title 18, U.S.C. Section 3553 factors.

Title 18, United States Code Section 3553(a) sets forth a number of factors, including but not limited to the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; and the need for the sentence imposed to afford adequate deterrence and protect the public.

Ivery's total offense level is 15. Additionally, Ivery, who has zero criminal history points, is in criminal history category I. His guideline range is in Zone D, recommending a guideline imprisonment range of 18 to 24

months.

Based on the Section 3553(a) factors, a sentence at the minimum of the guidelines is a reasonable, fair, and appropriate sentence taking into consideration all circumstances.

Regarding the Section 3553(a) factor of the "history and characteristics" of Ivery, the presentence report indicates he has not had any contacts with law enforcement resulting in a criminal history score of zero and criminal history category of I.

The Section 3553(a) factor of "the nature and circumstances of the offense" should be considered in determining a fair and reasonable sentence. On August 11, 2020, during an execution of a search warrant in Gary, Indiana, law enforcement recovered a receipt for a purchase of a firearm from a stolen vehicle. With the receipt having a description of the firearm, agents conducted a trace and learned that Ivery purchased the firearm two days earlier from Westforth Sports, a federally licensed firearms dealer located in Gary, Indiana. On August 19, 2020, during an interview with agents, Ivery admitted to buying firearms for other individuals from Chicago and charging between $100 and $800 per firearm. Ivery told agents the individuals would drive from Chicago to pick him up to make the purchases. Agents learned that from February 18, 2020 to August 10, 2020, Ivery purchased a total of 26 firearms from federally licensed firearm dealers located in Lake County,

Indiana. Ivery completed an ATF Form 4473 for the acquisition of the firearms and lied on the forms concerning him being the actual purchaser of the firearms. If Ivery answered truthfully on the forms, the federally licensed firearms dealers would have denied the transactions by law.

Law enforcement have recovered 7 firearms illegally purchased by Ivery, with 6 of the firearms being recovered in Chicago. The date of the purchase and the recovery of the firearms include 5 days, 12 days for two firearms, 22 days for a firearm recovered at the scene of a shooting, 27 days, and 83 days. The whereabouts of the remaining firearms are unknown.

CLIFFORD D. JOHNSON
UNITED STATES ATTORNEY

/s/ Nicholas J. Padilla
Nicholas J. Padilla
Assistant United States Attorney